**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**CARL S. LYONS,**
**Claimant Below, Petitioner**

**vs.)   No. 19-1165** (BOR Appeal No. 2054321)
                    (Claim No. 2018021687)

**KINGS TIRE SERVICE, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Carl S. Lyons, by Counsel Jerome J. McFadden, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kings Tire Service, Inc., by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on May 24, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 23, 2019, Order. The Order was affirmed by the Board of Review on November 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lyons, a tire/auto worker, alleges injuries to his bilateral knees when he fell at work on February 23, 2018. Mr. Lyons did not immediately seek treatment. On March 16, 2018, Mr. Lyons presented to Tazewell Hospital emergency room with left knee pain. He reported that the pain began after he fell at work. X-rays taken that day showed mild degenerative changes in the right knee and a lucency in the medial portion of the right patellar. Mr. Lyons was diagnosed with unspecified left knee pain and closed right patellar fracture.

The Employees' and Physicians' Report of Injury was completed on April 9, 2018, and indicates Mr. Lyons injured his knees when he fell between stacks of tires. The physician's section stated that he injured both knees and had pain and swelling as a result of an occupational injury. Randolph King, the employer's Controller, completed a First Report of Injury indicating Mr.

1

Lyons was injured on February 23, 2018, when he fell on a stack of tires. Mr. Lyons reported that he sprained or had a tear in his left knee to his supervisor on February 26, 2018. Mr. King stated that the employer had no reason to question the injury.

James Dauphin, M.D., performed a physician review on May 23, 2018, in which he opined that the mechanism of injury does not support the diagnoses of left knee pain of unspecified chronicity and closed right patellar fracture. Dr. Dauphin stated that unspecified chronic pain is not an appropriate diagnosis for a work injury and that the patellar fracture preexisted the compensable injury, as seen in a November 2016 x-ray. On May 24, 2018, the claims administrator rejected the claim stating that the mechanism of injury was not supported by the medical record.

Mr. Lyons completed an affidavit on October 1, 2018. He stated that he was injured when he was loading tires on a trailer and fell between the stacks, jamming and twisting his knee awkwardly. Mr. Lyons stated that he continued to work for several weeks; however, his pain did not improve, so he sought treatment. My. Lyons underwent bilateral knee MRIs on October 23, 2018, which revealed bilateral meniscal tears. On December 7, 2018, Dr. Patterson noted that he reviewed bilateral knee x-rays and diagnosed moderate degenerative joint disease with meniscal tears in both knees.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 12, 2019, in which he noted that Mr. Lyons reported that the patellar fracture preexisted the compensable injury, though he could not recall exactly when it occurred. Dr. Mukkamala diagnosed preexisting bilateral knee osteoarthritis and preexisting right patellar fracture. Dr. Mukkamala found no credible evidence that Mr. Lyons was injured on February 23, 2018.

The Office of Judges affirmed the claims administrator's rejection of the claim on May 23, 2019. It found that the evidence shows Mr. Lyons fell at work on February 23, 2018. The evidence does not show, however, that the mechanism of injury caused Mr. Lyons's bilateral knee diagnoses. The Office of Judges determined that the Employees' and Physicians' Report of Injury does not list a diagnosis code and merely noted bilateral knee pain and swelling. When Mr. Lyons sought treatment, he was diagnosed with left knee pain of unspecified chronicity and closed right patella fracture. In his evaluation, Dr. Mukkamala diagnosed preexisting bilateral knee osteoarthritis and preexisting right patellar fracture. His opinion was supported by an October 23, 2018, MRI and the opinion of Dr. Patterson.

Addressing the diagnoses specifically, the Office of Judges found that knee pain is a symptom, not a diagnosis. Further, the evidence indicates that Mr. Lyons's knee pain could be the result of osteoarthritis, right knee patellar fracture, or meniscus tears. The Office of Judges determined that right patellar fracture is not a compensable condition. A right knee x-ray taken on March 16, 2018, showed a lucency in the patella, which was present on an earlier study. Dr. Dauphin found in his Physician Review that the patellar fracture was visible on a 2016 x-ray. Dr. Mukkamala also found that the fracture preexisted the compensable injury and noted that the claimant reported that it was preexisting. Regarding bilateral knee osteoarthritis and degenerative joint disease, the Office of Judges noted that the diagnoses were made by Drs. Patterson and Mukkamala based on x-rays and examinations. Dr. Mukkamala opined that the condition

2

preexisted the compensable injury, and the Office of Judges found no medical opinion of record relating the condition to the compensable injury. Lastly, regarding bilateral meniscal tears, the Office of Judges found that such conditions were degenerative in nature and unrelated to the compensable injury. Dr. Patterson diagnosed degenerative joint disease of the bilateral knees with meniscus tears, indicating the tears are not the result of an acute injury. The Office of Judges ultimately concluded that the evidence fails to show that the February 23, 2018, incident resulted in a compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Lyons alleges that he fell at work on February 23, 2018, and injured his bilateral knees. He did not immediately seek treatment. When he was seen three weeks later, x-rays showed degenerative changes and a patellar fracture, which was determined by Drs. Dauphin and Mukkamala to be preexisting. Lastly, the Injury Report fails to identify a diagnosis appropriate for compensability.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton